# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | | |
|---|---|---|---|
| **DARRYL LAMONT DAVIS,** | ) | | |
| | ) | | |
| **Petitioner,** | ) | | |
| | ) | | |
| v. | ) | **Nos.:** | **3:07-CR-66-PLR-HBG;** |
| | ) | | **3:14-CV-299-PLR** |
| **UNITED STATES OF AMERICA,** | ) | | |
| | ) | | |
| **Respondent.** | ) | | |

## ORDER DENYING POST-JUDGMENT MOTIONS

Before the Court are Petitioner Darryl Lamont Davis' motions: (1) to alter or amend the judgment denying his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. 4]; (2) to compel and subpoena evidence [Doc. 5]; (3) to indict various Government officials [Doc. 15]; and (4) to appoint counsel to assist him with his post-judgment motions [Docs. 8,16]. The United States has filed a response in opposition to Davis' motion to alter the judgment [Doc. 14]. Upon review of the pleadings and the record in this cause, along with the applicable law, the Court finds Davis' motions should be denied.

## I. RELEVANT FACTUAL BACKGROUND

In mid-2007, Davis, a convicted felon, robbed a bank and two convenience stores in Knoxville, Tennessee, while brandishing a semi-automatic pistol [Doc. 26 in No. 3:07-CR-66; Doc. 136 p. 7-8, 16-18, 48-52, 98-99 in No. 3:07-CR-66]. While fleeing after the crimes, Davis discarded two hats and a ski mask, and DNA was recovered from the hats [Doc. 136 p. 10-11, 16-17, 32-35, 52-53, 64-66 in No. 3:07-CR-66; Doc. 137 p. 9, 104-10 in No. 3:07-CR-66].

Following Davis' arrest, his DNA was twice obtained via buccal swabs – first pursuant to a federal grand jury subpoena, and then after his indictment, pursuant to a federal search warrant

– and both of those DNA samples matched the DNA recovered from the hats [*See* Doc. 104 p. 2 n.1 in No. 3:07-CR-66; Doc. 137 p. 104-10 in No. 3:07-CR-66; Doc. 160 in No. 3:07-CR-66]. In the meantime, Davis had persuaded his girlfriend to move the pistol used in the robberies, but federal agents later found the weapon and recovered it [Doc. 137 p. 46-53, 63-66 in No. 3:07-CR-66].

In 2009, a jury convicted Davis of bank robbery, two counts of Hobbs Act robbery, three counts of brandishing a firearm in furtherance of crimes of violence, possessing a firearm as a felon, and tampering with evidence with the intent to prevent its availability for use as evidence against him, all in violation of federal law [Doc. 100 in No. 3:07-CR-66]. Davis was sentenced to an aggregate term of 762 months' imprisonment, consisting of the consecutive statutorily mandated minimum sentences for the use-of-firearms convictions during a crime of violence (hereinafter "§ 924(c) convictions"), and 78 months' imprisonment for the other five offenses [Doc. 125 in No. 3:07-CR-66]. The Sixth Circuit affirmed Davis' convictions and sentences on appeal and denied his subsequent petition for rehearing, after which the Supreme Court denied certiorari [Docs. 149, 150, 153 in No. 3:07-CR-66].

Thereafter, Davis filed a timely § 2255 motion containing claims concerning the buccal swabs taken from him for DNA analysis [Doc. 154 in No. 3:07-CR-66]. Specifically, Davis alleged that his attorney rendered ineffective assistance for (1) not moving to suppress all evidence on the ground that the first DNA swab was illegally obtained; (2) not presenting certain evidence and arguments regarding the swab during trial; and (3) not alleging government misconduct and "malicious prosecution" on appeal [*Id*. at 4-8]. He also alleged that the government prosecuted him in "bad faith" and suppressed from trial evidence of the first swab, which was allegedly favorable to the defense [*Id*. at 8]. The Government responded in opposition to the motion [Doc.

160 in No. 3:07-CR-66]. Davis submitted a reply to the Government's response [Doc. 163 in No. 3:07-CR-66]. On July 27, 2017, this Court denied Davis' motion, determining that he was not entitled to § 2255 relief and finding that no evidentiary hearing was necessary [Docs. 175, 176 in No. 3:07-CR-66].

On or about August 25, 2017, Davis filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) [Doc. 4]. In his Rule 59 motion, Davis alleges that the Court erred by denying his § 2255 motion, but he also seeks to litigate several new issues for the first time – specifically, whether his § 924(c) convictions were invalidated by *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016), and whether his sentence for the "underlying offenses" was invalidated by *Dean v. United States*, 137 S. Ct. 1170 (2017). Davis also filed concomitant motions to compel evidence, to indict government officials, and to appoint counsel [Docs. 5, 8, 15, 16]. In the meantime, Davis also filed a notice of appeal from the denial of his § 2255 motion, which is being held in abeyance pending resolution of Davis' Rule 59 motion [Doc. 10; *see also* Docs. 186, 191 in No. 3:07-CR-66].

## II.  MOTION TO ALTER OR AMEND

Rule 59(e) of the Federal Rules of Civil Procedure allows a petitioner to move to alter or amend a judgment within twenty-eight days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Such a motion may only be granted "to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)). A Rule 59 motion may not be used to relitigate issues out of dissatisfaction with the Court's initial ruling, nor may it be used to offer a new, independent basis for a criminal defendant to challenge his sentence.

*See, e.g., Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case'"); *see also Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) (noting "Rule 59(e) motions 'are aimed at reconsideration, not initial consideration'") (citation omitted).

### A. Davis' challenges to the Court's conclusions

Davis alleges four discrete errors in this Court's denial of his § 2255 motion. In his first two claims of error, he contests the accuracy of this Court's statements that "the Supreme Court . . . has not addressed whether DNA samples obtained from grand jury subpoenas are permissible," and that "analysis of the first swab had not been completed before the Government obtained the warrant and the second swab" [Doc. 4 p. 3]. Next, he faults the Court for not conducting an evidentiary hearing and for not requiring the Government to produce the grand jury subpoena for the initial buccal swab [*Id*. at 4].

First, Davis has not shown any error in the Court's statement that "the Supreme Court. . . has not addressed whether DNA samples obtained from grand jury subpoenas are permissible," as he has failed to identify a Supreme Court case involving the factual scenario addressed by the Court. [Doc. 175 p. 5 in No. 3:07-CR-66]. Rather, he only argues that the Fourth Amendment demands that evidence from warrantless searches not falling under an exception to the warrant requirement usually be excluded [Doc. 4 p. 11-13]. His arguments have no bearing on the question posed in this case, however. Because the initial buccal swab was not precluded by controlling precedent at the time, suppression of the evidence would not have been required even if the swab had been illegally obtained. *See United States v. Master*, 614 F.3d 236, 242 (6th Cir. 2010) (finding "the decision to exclude evidence is divorced from whether a Fourth Amendment

4

violation occurred"). Accordingly, this claim fails to warrant reconsideration of the Court's judgment.

Next, Davis disputes the Court's factual finding that "analysis of the first swab had not been completed before the Government obtained the warrant and second swab" [Doc. 4 p. 3]. According to Davis, this conclusion was erroneous, because an FBI report indicated that "preliminary results" from the initial buccal swab were "back from the laboratory" at the time the second buccal swab was taken from him [Doc. 4 p. 13-14]. However, the report's use of "preliminary" confirms the Court's conclusion that analysis was not yet complete. Indeed, the FBI laboratory did not issue a report regarding analysis of the first swab until July 31, 2017, nine days after the second buccal swab had been obtained from Davis [*See, e.g.,* Doc. 15 p. 8-11]. Therefore, this claim offers no basis for relief under Rule 59(e).

Third, Davis has not demonstrated that an evidentiary hearing was necessary in this case, and therefore, he cannot prove that the Court erred by not conducting one. The claims in his § 2255 motion do not involve disputed facts; they involve disputes about the legal significance of undisputed facts. *See, e.g., Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (holding hearing required to resolve factual dispute). Moreover, the Court found that the record conclusively showed that Davis was not entitled to relief, and therefore, no hearing was necessary. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Accordingly, the absence of an evidentiary hearing in this case offers no basis for reconsideration of the denial of Davis' § 2255 motion.

Fourth, Davis faults the Court for not requiring the Government to produce the grand jury subpoena for the initial buccal swab, arguing that the evidence was presumptively favorable to the defense [Doc. 4 p. 4, 14-15]. However, Davis did not raise this claim in his § 2255 motion. Instead,

he claimed that the Government had allegedly suppressed "K1," the first buccal sample [Doc. 154 p. 8 in No. 3:07-CR-66]. After reviewing the record, this Court found Davis' allegation "inconsistent with the trial record," noting that Davis received "all of the testing results of his DNA" and that he had not shown that "any evidence was withheld that could have either exculpated him or impeached the forensic analyst or any other Government witness" [Doc. 175 p. 15]. Davis has not demonstrated that this conclusion was erroneous, and this claim provides no further basis for review.

### B. Davis' new claims

Also in his Rule 59(e) motion, Davis seeks relief in light of the Supreme Court's decisions in *Johnson*, *Welch*, and *Dean*, which held, respectively, that the residual clause of the Armed Career Criminal Act was unconstitutionally vague (*Johnson*, 135 S. Ct. at 2563), that the ruling was retroactively applicable to cases on collateral review (*Welch*, 136 S. Ct. at 1265), and that sentencing courts may consider the mandatory minimums required by § 924(c) when selecting the sentence for a predicate offense (*Dean*, 137 S. Ct. at 1176-77). However, Davis' motion for reconsideration is "actually a second or successive § 2255 motion in disguise," and requires Sixth Circuit authorization before the Court may consider it. *See In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007) (noting post-judgment criminal motion attempting to raise new claim is effectively a § 2255 motion); *see also* 28 U.S.C. §§ 2244(2) and 2255(h).

Regardless, none of the cited authority justifies relief in this case. Davis was not sentenced as an armed career criminal, so his reliance on *Johnson* and *Welch* is misplaced. Additionally, *Dean* merely altered the factors a court may consider at sentencing, thereby announcing a procedural rule with no retroactive effect. *See Schriro v. Summerlin*, 542 U.S. 348, 351, 353 (2004) (explaining that a rule is deemed substantive and "generally appl[ies] retroactively" only if

it "alters the range of conduct or class of person that the law punishes"); *see also United States v. Clark*, No. 2:14-CR-20199, 2018 WL 3207975, at *4 (E.D. Mich. June 29, 2018) (holding "*Dean*'s new rule is not eligible for retroactive application on collateral review"). Therefore, this newly presented claim fails to offer Davis relief.

### C. Summary

Davis has failed to identify any legal or factual issue that the Court failed to consider or erroneously decided, and the Sixth Circuit has not authorized him to litigate new claims under *Johnson*, *Welch*, or *Dean*. Accordingly, Davis' Rule 59(e) motion will be denied. Likewise, the Court finds Davis' attendant motions to compel records and subpoena witnesses [Doc. 5] and to indict various government officials[1] [Doc. 15] void of merit, and they will be denied.

## III. MOTION TO APPOINT COUNSEL

Davis has filed two motions seeking the appointment of counsel to assist him in this and future proceedings [Docs. 8, 16]. However, this Court has found that Davis' allegations are meritless, and that an evidentiary hearing is not warranted. Accordingly, Davis' motions for the appointment of counsel will be denied. *See* 18 U.S.C. § 3006A(a)(2) (authorizing court to appoint counsel for § 2255 applicant when it "determines that the interests of justice so require"); Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts (requiring court to appoint attorney to indigent defendant in § 2255 proceeding if evidentiary hearing is warranted).

---

[1] The Court otherwise notes that private citizens have no authority to initiate federal criminal proceedings. *See, e.g., Diamond v. Charles*, 476 U.S. 54, 64-65 (1986).

## IV. CONCLUSION

For the reasons stated above, Davis' motions [Docs. 4, 5, 8, 15, 16] are **DENIED**. Because the Court finds that reasonable jurists would not debate whether Davis' Rule 59 motion should have been resolved differently or that the issues presented herein are deserving of further encouragement, the Court denies a certificate of appealability from this decision. *See Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003).

**IT IS ORDERED**.

**ENTER:**

*/s/ Pamela L. Reeves*
**CHIEF UNITED STATES DISTRICT JUDGE**