UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DARRYL LAMONT DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:07-CR-066 |
| ) | 3:14-CV-299 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Daryl Lamont Davis ("Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging several grounds of ineffective assistance by his trial attorney and his appellate attorney. [Doc. 1].[1] His motion was summarily denied. [Doc. 2]. Petitioner appealed and the Sixth Circuit reversed and remanded the matter back to this Court for an evidentiary hearing on one issue: "whether trial counsel performed ineffectively by failing to move to suppress the buccal swabs taken from Davis on June 6, 2007 and July 22, 2007[2], and whether appellate counsel performed ineffectively by failing to argue on appeal that the buccal swabs should have been suppressed." [Doc. 21]. The undersigned referred this matter to United States Magistrate Judge H. Bruce Guyton for an evidentiary hearing pursuant to the Court of Appeals order. [Doc. 28].

---

[1] Document numbers not otherwise specified refer to the civil docket.
[2] Both District Judge Reeves' order [Doc. 2] and the Court of Appeals order [Doc. 21] state that the K3 sample was obtained July 22, 2007. However, Agent Early testified at the hearing that the K3 sample was obtained on July 27, 2007. [Doc. 38, p. 17].

Magistrate Judge Guyton conducted an evidentiary hearing on July 19, 2021, receiving testimony from FBI Agent Buddy Early ("Agent Early"). Following the hearing, Magistrate Judge Guyton allowed the parties to file supplemental briefing. [Docs. 33 & 39]. On August 9, 2021, Magistrate Judge Guyton issued his Report and Recommendation ("R&R"). [Doc. 34]. Therein, the magistrate judge determined that Petitioner had failed to establish that trial counsel, and subsequently appellate counsel, were ineffective in failing to file a suppression motion, or challenging the failure to file a suppression motion, regarding the buccal swabs taken from Petitioner on June 6, 2007, ("K1") and July 27, 2007 ("K3"). [*Id*. at 18]. In light of these findings, Magistrate Judge Guyton recommended that the Court deny Petitioner's § 2255 motion as to his sole remaining claim.

Petitioner objects to the R&R, and the United States has responded to those objections. [Docs. 35 & 36]. The matter is now ripe for determination. A transcript of Magistrate Judge Guyton's evidentiary hearing has been filed [Doc. 38] and has been carefully reviewed by the Court. For the reasons that follow, the Court will adopt the Report and Recommendation in full. Petitioner's remaining claim for relief will be **DENIED** and his § 2255 motion to vacate [Doc. 1] will be **DISMISSED**.

I.     **BACKGROUND**

On September 15, 2009, Petitioner was convicted of one count of violating 18 U.S.C. § 2113(a) and (d), three counts of violating 18 U.S.C. § 924(c), two counts of violating 18 U.S.C. § 1951, one count of violating 18 U.S.C. § 922(g)(1), and one count of violating 18 U.S.C. § 1512(c) by a jury of his peers. [Criminal "Crim" Doc. 100]. In the R&R, Magistrate Judge Guyton set forth the facts surrounding Petitioner's arrest and

buccal swabs K1 and K3. The Court adopts these facts and incorporates them herein by reference. [Doc. 34, pp. 11-13]. Petitioner was sentenced to 762 months' total imprisonment – 78 months as to Counts One, Three, Five, Seven, & Eight; 7 years to run consecutively as to Count Two; 25 years to run consecutively as to Count Four; and 25 years to run consecutively as to Count Six. [Crim. Doc. 125]. Petitioner, represented by Attorney Steven Shope, filed a timely appeal [Crim. Doc. 126] which was denied by the Sixth Circuit Court of Appeals [Crim. Doc. 150]. The United States Supreme Court denied *cert*. [Crim. Doc. 153]. In June 2014, Petitioner filed a timely motion to vacate under 28 U.S.C. § 2255 [Crim. Doc. 154] which was denied in full by the Court [Crim. Doc. 175]. Petitioner timely appealed, and the Sixth Circuit reversed the Court as to Count 1 of Petitioner's § 2255 motion, remanding the case to the District Court for an evidentiary hearing. [Crim. Doc. 191]. This memorandum, like Magistrate Judge Guyton's R&R, addresses only Count 1.

## II. AUTHORITY

District courts are both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). District courts need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in

3

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Courts must presume that counsel's assistance was effective, and petitioners bear the burden of showing otherwise. *See Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Failure to file a suppression motion does not constitute ineffective assistance of counsel *per se*. *See Kimmelman v. Morrison,* 477 U.S. 365, 384 (1986). However, "whether trial counsel...acted incompetently in not filing a timely motion to suppress depends upon the merits of the search and seizure question," and where such a motion would not have succeeded, counsel did not render a prejudicial performance in failing to seek suppression. *Worthington v. United States,* 726 F.2d 1089, 1093 (6th Cir. 1984) (Contie, J., concurring). To constitute deficient performance, the motion's likelihood of success on the merits must be so plain that "no competent attorney would think a motion to suppress would have failed." *Premo v. Moore*, 562 U.S. 115, 124 (2011).

### III. Analysis

As noted above, the sole remaining claim in Petitioner's § 2255 motion alleges that

trial counsel was ineffective for failing to file a suppression motion regarding the buccal swabs taken from Petitioner on June 6, 2007, and July 27, 2007, and that appellate counsel was ineffective for failing to argue on appeal that the swabs should have been suppressed. [Doc. 1]. As also noted above, Magistrate Judge Guyton found that Petitioner did not satisfy his burden to show that counsel was ineffective regarding the failure to file a motion to suppress. [Doc. 34, p. 17]. Further, Magistrate Judge Guyton found that the United States had established that the search warrant for K3 did not rely upon the identification of Petitioner from K1, as law enforcement had not received the results of the K1 swab at the time the search warrant for K3 was obtained. [*Id*.].

The magistrate judge concluded,

> [E]ven assuming that K1, obtained through a grand jury subpoena was unconstitutional, trial counsel would be unable to present a successful motion to suppress the evidence obtained as a result of K3. The independent-source doctrine "holds that evidence will be admitted if the government shows that it was discovered through sources 'wholly independent of any constitutional violation.'" Ultimately, the DNA evidence and identification of Petitioner would be properly admitted under the independent source doctrine, as the Government obtained a search warrant supported by probable cause, and not reliant on K1, to obtain a second buccal swab from the Petitioner.
>
> For the failure to file a suppression motion to constitute deficient performance, the meritorious nature of the motion must be so plain that "no competent attorney would think a motion to suppress would have failed." The movant must demonstrate that counsel had no reasonable strategic rationale for not filing the motion. Accordingly, the Court finds that Petitioner has failed to establish that his trial counsel, and consequently appellate counsel, were ineffective in failing to move to suppress, or challenge the failure to move to suppress, the buccal swabs taken from Petitioner on June 6, 2007 (K1), and July 27, 2007 (K3).

[Doc. 34, pp. 17-18] (internal citations omitted).

Petitioner, through counsel, filed an objection to the R&R, objecting to Magistrate Judge Guyton's conclusion and his reliance on the "independent source doctrine." [Doc. 35]. The United States responded that Magistrate Judge Guyton did not err in his conclusion and notes that Petitioner does not contest the legality of the K3 search warrant. [Doc. 36].

At the evidentiary hearing, Agent Early testified that the search warrant for the K3 swab was obtained on July 19, 2007, was executed on July 27, 2007, and sent to the FBI laboratory in Quantico on August 7, 2007. [Doc. 38, pp. 16-20]. Agent Early also testified that the K1 swab was returned from Quantico and logged back into evidence on August 3, 2007, well after the search warrant was issued for the K3 buccal swab. [*Id*.]. Agent Early also testified that the search warrant made no mention of the K1 swab, and the results of the K1 swab had not returned from the lab before the search warrant was issued. [*Id*. at 17-18].

As stated above, counsel's performance might be deficient if a motion to suppress would have been successful and counsel failed to file said motion. Based on the record, the Court agrees with Magistrate Judge Guyton that Petitioner has not shown that a motion to suppress the DNA evidence would have been successful. In this case, while Petitioner may have been successful on a motion to suppress the K1 swab[3], Petitioner has not shown that he would have been successful on a motion to suppress the wholly independent K3 swab.

---

[3] The Court notes that law is not settled as to whether the grand jury subpoena was sufficient to obtain the K1 swab. The Court further notes that the Sixth Circuit has not been presented squarely with this issue for review.

Importantly, Petitioner does not challenge the legality of the search warrant for the K3 swab. Magistrate Judge Guyton did not err in applying the "independent source doctrine" and determining that the DNA evidence would have been admitted due to the K3 swab as the source for it relied upon independent probable cause. *See United States v. Jenkins*, 396 F.3d 751, 757 (6th Cir. 2005) (quoting *Nix v. Williams*, 467 U.S. 431, 443 (1984)). As such, failing to file a motion to suppress the K1 swab does not constitute ineffective assistance in this case as it is not clear to any attorney that a motion would have been successful, and Petitioner was not prejudiced due to the admissibility of the K3 swab.

## IV. CONCLUSION

After a thorough review of the Report and Recommendation [Doc. 34], the hearing transcript [Doc. 38], and the parties' filings [Docs. 33, 35, 36, & 39], the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation [Doc. 34] in its entirety. Petitioner's objections [Doc. 35] to the Report and Recommendation are **OVERRRULED**. Accordingly, ground one of Petitioner's 28 U.S.C. § 2255 motion [Doc. 1; Crim Doc. 154] is **DENIED** and **DISMISSED**.

The Clerk is **DIRECTED** to close the civil file.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge